IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00040-KDB-SCR

| | |
|---|---|
| LEWIS CHAPMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON FIRE DEPARTMENT,<br>CITY OF NEWTON, AND<br>KEVIN YODER,<br><br>    Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on the Defendants' joint Motion for Judgment on the Pleadings ("Motion") (Doc. No. 9), the parties' associated briefs and exhibits, (Doc. Nos. 10, 12, 13), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14), recommending that the Motion be granted in part and denied in part. The parties have not filed an objection to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I.     BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II.     STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Also, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## III.    DISCUSSION

Having carefully reviewed the Magistrate Judge's M&R, the relevant portions of the record and applicable legal authority, this Court is satisfied that there is no clear error as to the M&R, to which no objection was made. *Diamond,* 416 F.3d at 315.  Accordingly, this Court finds that it should adopt the findings and recommendations set forth in the M&R as its own

solely for the purpose of deciding this Motion and that Defendants' Motion should be granted in part and denied in part.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Defendants' Motion for Judgment on the Pleadings (Doc. No. 9) is **GRANTED** in part and **DENIED** in part as set forth below;

3. Defendants' Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** in its entirety against Defendants City of Newton Fire Department and Kevin Yoder, in his official capacity;

4. The FMLA, ADEA (other than retaliation), ADA, NCWHA, and North Carolina public policy wrongful discharge claims against Defendant City are **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff's ADEA, ADA, FMLA, REDA, defamation, and North Carolina public policy claims pled against Defendant Yoder in his individual capacity are **DISMISSED WITHOUT PREJUDICE**;

6. Plaintiff's separate cause of action for punitive damages is **DISMISSED WITHOUT PREJUDICE** and should Plaintiff prevail on a claim giving rise to the recovery of punitive damages, the Court may consider punitive damages, if appropriate and permitted, as part of Plaintiff's prayer for relief;

7. Defendants' Motion is **DENIED** as to Plaintiff's claims against Defendant City for retaliation in violation of the ADEA and REDA so those claims are not dismissed; and

8. This case shall **proceed toward trial on the merits on the remaining claim** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: December 8, 2023

Kenneth D. Bell
United States District Judge